Squire, Sanders & Dempsey L.L.P.
Joseph A. Meckes (State Bar # 190279)
Christopher D. Mays (State Bar # 266510)
275 Battery Street, Suite 2600
San Francisco, CA  94111
Telephone:   +1.415.954.0200
Facsimile:    +1.415.393.9887
Email:         JMeckes@ssd.com
                     CMays@ssd.com

Attorneys for Plaintiff
SQUIRE, SANDERS & DEMPSEY L.L.P.

Hinshaw & Culbertson LLP
David L. Winnett (SBN 219063)
One California Street, 18th Floor
San Francisco, CA 94111
Telephone:     (415) 362-6000
Facsimile:      (415) 834-9070
Email:           dwinnett@hinshawlaw.com

Attorneys for Defendant
ZIAD TAKIEDDINE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| SQUIRE, SANDERS & DEMPSEY L.L.P., a Limited Liability Partnership,<br><br>             Plaintiff,<br><br>      vs.<br><br>ZIAD TAKIEDDINE,<br><br>             Defendant. | Case No.  CV 09-03699 SI<br><br>**JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT**<br><br>Date: September 26, 2010<br>Time: 2:30pm<br>Room: Courtroom:10<br>Before: Hon. Susan Illston |

The parties to the above-entitled action jointly submit this Case Management Statement and Rule 26(f) Report pursuant to Civil Local Rule 16-9 and Rule 26(f)(2). Plaintiff in this case is Squire, Sanders & Dempsey L.L.P. ("SSD"). Defendant in this case is Ziad Takieddine ("Mr. Takieddine").

The parties have reached **a settlement in principle**, and Mr. Takieddine has satisfied the monetary portion of that settlement. Part of the consideration for the settlement, however, is that Mr. Takieddine release SSD of any claims he may have against SSD, which release has not yet been executed by Mr. Takieddine. Upon receipt of Mr. Takieddine's signed counter-part to the parties' settlement agreement, SSD will dismiss this Action with prejudice. Until such time, however, SSD reserves all rights against Mr. Takieddine.

The parties respectfully request that the Court continue this CMC for two weeks to **November 9, 2010** in order to conclude their settlement.

## I.   JURISDICTION AND SERVICE

The basis for the Court's subject matter jurisdiction over this action is 28 U.S.C. §1332. The parties agree that there is diversity of citizenship between SSD and Mr. Takieddine and the amount in controversy exceeds $75,000, exclusive of interest and costs. All parties have been served.

## II.   FACTS

**SSD's Statement:** In March 2009, SSD and Mr. Takieddine entered into an Engagement Agreement whereby SSD would provide legal services to Mr. Takieddine in exchange for payment. Despite accruing an accounts receivable of $155,545.00, Mr. Takieddine has, to date, failed to pay any amount to SSD for its services.

**Mr. Takieddine's Statement:** Mr. Takieddine agrees that the parties entered into an Engagement Agreement whereby SSD would provide legal services to Mr. Takieddine in exchange for payment. The parties disagree as to the scope of work performed and the reasonableness of the fees allegedly incurred.

### III. LEGAL ISSUES

**SSD's Statement:** This dispute involves limited legal issues relating to construction and interpretation of Mr. Takieddine's Engagement Agreement with SSD.

**Mr. Takieddine's Statement:** In addition to the issues identified by SSD, there are legal issues involving the authority of one law firm to direct the actions of another law firm.

### IV. MOTIONS

No dispositive motions are expected.

### V. AMENDMENT OF PLEADINGS

No amendments to the pleadings are anticipated.

### VI. EVIDENCE PRESERVATION

**SSD's Statement:** SSD has taken all necessary steps to preserve evidence related to this action. Counsel for Mr. Takieddine has been unable to confirm whether Mr. Takieddine has preserved all relevant evidence.

**Mr. Takieddine's Statement:** Mr. Takieddine has been directed to preserve all relevant evidence.

### VII. INITIAL DISCLOSURES

The parties have agreed to serve initial disclosures by July 6, 2010.

### VIII. DISCOVERY

Discovery is complete.

### IX. CLASS ACTIONS

This action is not appropriate for class action status.

### X. RELATED CASES

No cases have been related to this action pursuant to LR 3-12. However, SSD notes that Defendant has been sued for fees by at least two other law firms in the following actions:

- In New York, SSD commenced an action to freeze assets ancillary to this case: *Squire Sanders & Dempsey v. Takieddine,* New York Supreme Court Index No. 651494/2010.

- In New York: *Sullivan & Worcester, L.L.P. v. Ziad Takieddine*, New York Supreme

Court Index No. 111249-2009.

- In the United Kingdom: *Laytons Solicitor (A Firm) v. Ziad Takieddine et al.*, High Court of Justice, Queens Bench Division, Claim No. HQ09X03835.

## XI. RELIEF

SSD seeks a judgment that Mr. Takieddine must pay SSD: (1) damages totaling $155,545.00 for Mr. Takieddine's breach of the Engagement Agreement; (2) SSD's pre-judgment interest; (3) SSD's costs of suit incurred herein. SSD also seeks such other, further, and/or different relief as the Court may deem just and proper.

## XII. SETTLEMENT AND ADR

The parties have reached a settlement in principle, and Mr. Takieddine has satisfied the monetary portion of that settlement. Part of the consideration for the settlement, however, is that Mr. Takieddine release SSD of any claims he may have against SSD, which release has not yet been executed by Mr. Takieddine. Upon receipt of Mr. Takieddine's signed counter-part to the parties' settlement agreement, SSD will dismiss this Action with prejudice. Until such time, however, SSD reserves all rights against Mr. Takieddine.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties do not agree to assignment to a Magistrate.

## XIV. OTHER REFERENCES

There are no other references.

## XV. NARROWING OF ISSUES

Parties are not currently aware of any mechanism to narrow the issues in this case.

## XVI. EXPEDITED SCHEDULE

Given the passage of time, this case is appropriate to be handled on an expedited basis with streamlined procedures, as noted by the Court during the June 18 hearing of Mr. Takieddine's motion to set aside the default.

## XVII. SCHEDULING

The Court previously set a trial schedule to which the parties do not object.

**XVIII. TRIAL**

SSD suggests that the parties engage in a one day bench trial.  Mr. Takieddine is considering SSD's request for a bench trial.  He has not yet waived his right to a jury trial.

**XIX.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Both parties have filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.  SSD's Certificate can be found at Dkt. No. 5.  Mr. Takieddine's Certificate can be found at Dkt. No. 16.

**XX.    RULE 26(f) REPORT**

    **A.    Changes in Rule 26(a) Disclosures.**

The parties do not propose changes or modifications to Rule 26(a) disclosures.

    **B.    The Subjects And Completion of Discovery.**

Discovery is complete.

    **C.    Disclosure and Discovery of Electronically Stored Information.**

Discovery is complete.

    **D.    Attorney-client Privilege and Work-Product Issues**

The parties note that much of the evidence in this case will involve attorney client communications by and between Mr. Takieddine and SSD, as well as between Mr. Takieddine and his counsel in other cases.  SSD will endeavor to submit under seal any evidence it will use to support its claims or rebut Takieddine's defenses that is perceived to be privileged.

    **E.    Changes or Limitations on Discovery**

Discovery is complete.

| | | |
|---|---|---|
| 1 | Dated: October 19, 2010 | Respectfully submitted, |
| 2 | | SQUIRE, SANDERS & DEMPSEY L.L.P. |

By:_____/s/_____
Joseph A. Meckes

Attorneys for Plaintiff
SQUIRE, SANDERS & DEMPSEY L.L.P.

Dated: October 19, 2010HINSHAW & CULBERTSON L.L.P.

By:_____/s/_____
David L. Winnett

Attorneys for Defendant
ZIAD TAKIEDDINE

The case management conference has been continued to Nov. 10, 2010 at 2:30 p.m.

IT IS SO ORDERED
[signature]
Judge Susan Illston
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA